NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARGARITA VEJO, | No. 16-35817 |
| Plaintiff-Appellee, | D.C. No. 3:14-cv-01656-AA |
| v. | |
| PORTLAND PUBLIC SCHOOLS, a public entity; et al., | MEMORANDUM* |
| Defendants-Appellants, | |
| and | |
| LEWIS & CLARK COLLEGE, an Oregon public benefit corporation, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Argued and Submitted May 15, 2018
Portland, Oregon

Before: McKEOWN and PAEZ, Circuit Judges, and BASHANT,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Cynthia A. Bashant, United States District Judge for the Southern District of California, sitting by designation.

Portland Public Schools, Petra Callin, and Roberta Cooper (collectively, "Defendants") appeal the district court's order denying summary judgment on the basis of qualified immunity in an action brought by Margarita Vejo. Vejo asserted claims pursuant to 42 U.S.C. § 1983 alleging that Defendants discriminated against her on the basis of her national origin (Russian) and religion (Orthodox Christian) in violation of the Fourteenth Amendment when Defendants terminated Vejo's counseling internship at Madison High School in Portland, Oregon.[1] Because the parties are familiar with the facts, we do not repeat them here. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

We review de novo the district court's order denying a motion for summary judgment on the basis of qualified immunity. *Lindsey v. Shalmy*, 29 F.3d 1382, 1384 (9th Cir. 1994).

The plaintiff in a § 1983 claim alleging an equal protection violation must prove that the defendant acted in a discriminatory manner and that the discrimination was intentional. *See Flores v. Morgan Hill Unified Sch. Dist.*, 324 F.3d 1130, 1135 (9th Cir. 2003). Discriminatory intent may be proved by direct or indirect evidence. *Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266 (1977). "'Intentional discrimination means that a defendant acted at least in

---

[1] Although Vejo brought other claims under 42 U.S.C. § 1983 and state law, none of those claims are at issue in this interlocutory appeal.

part *because of* a plaintiff's protected status.'" *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003) (emphasis in original) (quoting *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994)). "Beyond this requirement of showing intentional discrimination, however, there is no specific test that an equal protection plaintiff is required to meet, and in order to survive a motion for summary judgment by the defendant, a plaintiff must only produce evidence sufficient to establish a genuine issue of fact as to the defendant's motivations." *Fed. Deposit Ins. Corp. v. Henderson*, 940 F.2d 465, 471 (9th Cir. 1991) (footnote omitted).

Because the district court granted summary judgment in favor of Defendants on Vejo's First Amendment claims and only Vejo's equal protection rights are at issue in this appeal, Vejo's reliance on First Amendment cases like *Waters v. Churchill*, 511 U.S. 661 (1994), and *Oyama v. University of Hawaii*, 813 F.3d 850 (9th Cir. 2015), is misplaced.

## I. Petra Callin

The district court erred in denying Defendants' motion for summary judgment as to Callin. Simply put, Vejo presented no evidence suggesting that Callin terminated Vejo because of Vejo's national origin or religion. Viewing the evidence in the light most favorable to Vejo, *see Tolan v. Cotton*, 134 S. Ct. 1861, 1865 (2014), the facts at most establish that Callin's decision was based on reports

3

by other Madison employees of Vejo's alleged statements. There is no evidence that any of the reports that Callin received depended upon, or even mentioned, Vejo's national origin or religion. Thus, even if Vejo could prove that the reports were factually inaccurate, that inaccuracy would raise no inference that Callin intentionally discriminated against Vejo on account of a Fourteenth Amendment-protected ground. Because Vejo has failed to show an equal protection violation, Callin is entitled to qualified immunity. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009). We therefore reverse the district court's order denying summary judgment in favor of Callin.

## II.    Roberta Cooper

The district court also erred in denying Defendants' motion for summary judgment on the basis of qualified immunity as to Cooper. Vejo failed to establish a causal link between the alleged discrimination and a protected ground—the latter of which Vejo *herself* raised at Madison High School. *See City of Cuyahoga Falls v. Buckeye Cmty. Hope Found.*, 538 U.S. 188, 196 (2003) (concluding that plaintiffs failed to establish discriminatory intent because they "put forth no evidence that the 'private motives [that] triggered' the referendum drive 'can fairly be attributed to the State'" (alteration in original) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982))). That is particularly true considering that several Madison employees expressed significant doubts about Vejo's ability to adequately counsel

4

Madison students without supervision, which Vejo's job indisputably required. The only direct evidence Vejo presented of intentional discrimination was Cooper's question about Russian judgment in preventing the participation of gay athletes in the 2014 Winter Olympics. In context, this "stray remark," which was followed by a clarification, was insufficient to establish intentional discrimination. *See, e.g.*, *Merrick v. Farmers Ins. Grp.*, 892 F.2d 1434, 1438–39 (9th Cir. 1990) (citing cases).

Given these facts, Vejo's disputed allegation that Cooper's remark about being "judgmental" also followed Vejo's self-identification as a Christian was insufficient to carry Vejo to trial. *See Henderson*, 940 F.2d at 474 ("To hold otherwise would be to make summary judgment unavailable in all cases where the plaintiff has alleged direct evidence of discriminatory intent."). Accordingly, we conclude that Cooper is entitled to qualified immunity with respect to Vejo's equal protection claim and reverse the district court's order denying summary judgment in favor of Cooper.

**REVERSED and REMANDED.**